UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Wilmington Trust National Association, | Case No. 2:21-cv-01880-CDS-VCF |
| Plaintiff | |
| v. | **Order Granting Motion to Remand and Closing Case** |
| Stewart Information Services, Corp.; Stewart Title Guaranty Company, | |
| Defendants | [ECF Nos. 5, 6, 10] |

This removed title-insurance coverage dispute is one of many that arose in the wake of the 2008 housing crisis. Plaintiff Wilmington Trust National Association sues holding company Stewart Information Services, Corp. (SISC) and its subsidiary Stewart Title Guaranty Company (STGC) for breaching the duty to defend Wilmington under a title-insurance policy issued to insure a deed of trust on property in Nevada. At this stage of the litigation, the primary issue is whether this case belongs in federal court. Wilmington moves to remand the case to state court because there is not complete diversity amongst the parties—Wilmington and SISC are both citizens of Delaware. SISC moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), arguing that Wilmington fraudulently joined SISC solely to defeat diversity jurisdiction.[1]

    I recently held a hearing and heard oral argument from the parties on Wilmington's motion to remand and SISC's motion to dismiss. ECF No. 27. Having considered the parties' arguments and evidence, I am not convinced that Wilmington could prevail on its claims against SISC. But that is not the question before me at this stage of the litigation. Instead, the requisite

---

[1] STGC separately moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 6. The parties stipulated in November 2021 to stay briefing on that motion, so I do not substantively address it in this order. ECF No. 11.

question is whether it is possible that a state court could find that Wilmington has stated a claim against SISC. I find that such a possibility exists. This court therefore lacks subject-matter jurisdiction over this case because the parties are not completely diverse. I am therefore bound to remand this case back to state court. I also lift the stay, deny the defendants' motions to dismiss as moot, and direct the Clerk of Court to close this case.

I.     **Legal standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). When a case is filed in state court between parties who are citizens of different states, and the amount in controversy is at least $75,000, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446. But there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant always has the burden of establishing that removal is proper. *Id.*

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). But "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

II.     **SISC was not fraudulently joined.**

As a threshold matter, I am bound to first address Wilmington's challenge to this court's subject-matter jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) (finding that courts must first assume jurisdiction over a controversy before deciding other issues). I begin with the diversity of the parties' citizenship.[2] Wilmington initially filed this case in state court in

---

[2] Both components of diversity jurisdiction—diversity of citizenship and amount in controversy—are in dispute here. *See generally* ECF No. 10.

1 | September 2021 and named SISC and STGC as defendants. Compl., ECF No. 1-1. It is undisputed
2 | that Wilmington and SISC are both citizens of Delaware. *Id.* at ¶¶ 1–3; SISC's Mot. Dismiss, ECF
3 | No. 5 at 2; Brian Glaze's Decl., ECF No. 5-1 at ¶ 3. SISC then removed the case to this court
4 | claiming that diversity jurisdiction exists among the "properly named parties" to the lawsuit—
5 | STGC (Texas) and Wilmington (Delaware). Resp. Remand Mot., ECF No. 20 at 2. SISC
6 | essentially argues that Wilmington fraudulently joined SISC in its initial lawsuit specifically to
7 | avoid removal to federal court based on diversity jurisdiction. ECF No. 5 at n.1. Wilmington
8 | defends that it did not fraudulently join SISC because STGC and SISC are alter egos of one
9 | another, or, alternatively, because the two entities were engaged in a joint venture together.
10 | Mot. to Remand, ECF No. 10 at 5–7.

11 |         Fraudulent joinder is a term of art. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th
12 | Cir. 1987). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading
13 | of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the
14 | non-diverse party in state court.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*,
15 | 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way if a
16 | defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id.*
17 | (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But 'if there is a *possibility*
18 | that a state court would find that the complaint states a cause of action against any of the
19 | resident defendants, the federal court must find that the joinder was proper and remand the case
20 | to the state court." *Id.* (quoting *Hunter*, 582 F.3d at 1044). "A defendant invoking federal court
21 | diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a
22 | 'general presumption against [finding] fraudulent joinder.'" *Id.* (quoting *Hunter*, 582 F.3d at
23 | 1044). The Ninth Circuit has "declined to uphold fraudulent[-]joinder rulings whe[n] a
24 | defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case,
25 | even if that defense, if successful, would prove fatal." *Id.*
26 |

Wilmington advances several theories under which SISC could be held liable for STGC's conduct: alter ego, joint venture, and the Nevada Deceptive Trade Practices Act. ECF No. 1-1 at 20, 22–25. Such pleading in the alternative is permitted. *Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1114 (N.D. Cal. 2020). Repeatedly in its briefing and in oral argument during the recent hearing, Wilmington acknowledges that even if SISC and STGC are not alter egos of one another, it could alternatively be found that SISC was liable under one of the other pled theories. *See, e.g., id.* at ¶ 107, ECF No. 10 at 4, 6–7. Wilmington points out that the Nevada Supreme Court has not yet addressed whether such theories are viable to hold defendants like SISC liable. ECF No. 10 at 6. And SISC does not provide any authority demonstrating that such theories are not permitted. Indeed, this court recognized less than two years ago that it could not "find any authority indicating [that a] title agent categorically cannot be liable under Nevada's Unfair Claims Practices Act." *Deutsche Bank Nat'l Trust Co. v. Old Republic Title Ins. Grp.*, 532 F. Supp. 3d 1004, 1009–10 (D. Nev. 2021) (collecting cases from this district in which "judges have declined to find that Nevada state courts would find [d]efendants' argument undoubtedly successful"). Nor have I found any such authority now.

Just as judges in this district have declined to find that parties were fraudulently joined in the snap-removal context—based on the *possibility* that state courts could find that the plaintiffs stated a cause of action against the non-diverse party—I decline to do so here as well. *See, e.g., HSBC Bank, USA v. Fidelity Nat'l Title Group, Inc.*, 593 F. Supp. 3d 1016 (D. Nev. 2022); *Deutsche Bank*, 532 F. Supp. 3d at 1010; *Carrington Mortg. Servs., LLC v. Ticor Title of Nev., Inc.*, 2020 WL 3892786, at *4–5 (D. Nev. July 10, 2020). While neither the parties nor I can predict whether the Nevada Supreme Court would permit Wilmington to prevail on one of its alternative theories, I find it *possible* that the state court could find that Wilmington's complaint states a cause of action against SISC under one of Wilmington's proffered theories. I therefore conclude that SISC has failed to meet its "heavy burden" of demonstrating that Wilmington could not possibly prevail on any of its claims or theories against SISC. Consequently, I conclude that SISC was not

fraudulently joined in this lawsuit, and I grant Wilmington's motion to remand this case to state court.[3] Because the case is remanded, I sua sponte lift the stay and deny as moot both of the defendants' pending motions to dismiss. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (expressing the well-established principle that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

### III.  Conclusion

IT IS THEREFORE ORDERED that the plaintiff's motion to remand **[ECF No. 10] is GRANTED**. The Clerk of Court is directed to remand this case to Department 4 of the Eighth Judicial District Court in Clark County, Nevada, under Case No. A-21-840990-C.

IT IS FURTHER ORDERED that the **stay on this case is lifted**, and the defendants' **motions to dismiss [ECF Nos. 5, 6] are DENIED** as moot.

The Clerk of Court is further directed to CLOSE THIS CASE.

DATED: January 19, 2023

_____
Cristina D. Silva
United States District Judge

---

[3] Because the parties in this case are not completely diverse, I need not and do not address the amount-in-controversy requirement, other than to note that the court and the parties are bound by the allegations that appeared on the face of the operative complaint at the time of removal. Those allegations seemingly indicate that Wilmington intended to seek several forms of relief, including indemnification up to the policy limit of $176,990. ECF No. 1-1 at ¶¶ 5, 55, 115. I caution that Wilmington cannot later alter its pleading's intended meaning to suit its needs without formally amending the pleading itself.